No. 3174. GEDDES v. HUTCHINSON, April Term, 1893. The several motions made in this case are stated in the order of this court. *W. St. J. Jervey*, for appellants, *T. M. Mordecai* and *A. M. Lee*, for respondents, cited *Sullivan* v. *Thomas*, 3 S. C., 548; *Pregnall* v. *Miller*, 26 S. C., 612; *Gardner* v. *Mays*, *Ibid.*, 613; *Dial* v. *Dial*, 33 S. C., 607; *Lombard* v. *Brown*, *Ibid.*, 598; *Donaghue* v. *Enterprise R. R. Co.*, *Ibid.*, 608; *Bomar* v. *Means*, 35 S. C., 591; *Chisolm* v. *Providence Company*, *Ibid.*, 599.

April 29, 1893. The following order was passed

PER CURIAM. This is a motion to reinstate an appeal which has been dismissed by the clerk of this court for failure to file the return as required by Rules 1 and 2 of this court. After a very careful consideration of the various and voluminous papers which were presented at the hearing of this motion, we have reached the conclution to grant the motion, for the reasons which will be very briefly stated, as we do not think it would serve any useful purpose to enter upon any detailed consideration of the various facts appearing in the voluminous record presented, or to undertake to settle disputed questions of fact between counsel, about which honest differences of opinion might well have arisen.

We do not think the "Case" as printed, incorporating the amendments proposed by respondents, can in any proper sense be regarded as an "Agreed Case," and is not, therefore, a substitute for the return; for the very fact that the amendments proposed were served on appellants' counsel in due time after the service of the proposed "Case," and afterwards a notice served of an application to the Circuit Judge to settle the "Case," shows that the parties had not then agreed upon the "Case;" and the fact that afterwards the appellants accepted the proposed amendments, manifestly not for the reason that they agreed to such amendments but for other reasons, which it is needless to state here, could not convert the proposed "Case" into an "Agreed Case," which would serve as a substitute for the return. Hence we do not think that there was any error on the part of the clerk in dismissing the appeal, upon the showing made before him. But we are satisfied from a review of the whole proceedings that the appellants' counsel were misled (unintentionally, of course,) by the correspondence between counsel into the belief that time would not be insisted on in taking any of the steps necessary to the perfection of the appeal. This, therefore, is a very proper case for this court, under the provisions of section 349 of the Code, to extend relief to the appellants. It will be observed that this case differs from the authorities cited by respondents' counsel to show that relief under that section of the Code should be applied for before the motion to dismiss the appeal had been

granted, for those cases apply to motions to dismiss appeals granted *by this court*, and cannot apply where the motion to dismiss the appeal has been granted *by the clerk*, who has no jurisdiction to grant relief under section 349 of the Code. In this case the motion for relief under that section was made to this court at the earliest time practicable.

An alternative motion has been submitted by respondents, that in the event the motion just considered should be granted, then that the appeal be dismissed, or rather declared abandoned, for failure to comply with Rule 49 of the Circuit Court, requiring a copy of the "Case" to be filed in the office of the clerk of the Circuit Court within ten days after the same has been settled. This motion, as it seems to us, must be refused, upon the same ground that the motion first considered is granted. For, as we have said above, we think that the showing made is sufficient to entitle the appellants to relief from this default as well as the other, under the provisions of section 349 of the Code.

It is, therefore, ordered, that the motion to reinstate the appeal be granted, and that the case be docketed for hearing at the next term of this court; provided, the appellants will file the return required by Rules 1 and 2 of this court within forty days from the date of this order.

An informal application has been made by appellants' counsel for leave to withdraw the points and authorities heretofore filed by them. We do not see that any sufficient reason has been shown for granting such application, and it must, therefore, be refused. Of course, this will not preclude any of the counsel engaged in the cause from filing any additional argument or points and authorities, if they so desire, within the time prescribed by the rules of this court.